IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN JAAKKOLA,

                Plaintiff,                OPINION & ORDER

v.

CITY OF WAKEFIELD, MI,                14-cv-588-jdp

                Defendant.

---

Plaintiff John Jaakkola, a resident of Wakefield, Michigan, has filed a document titled "Emergency Motion to Prevent Imminent Death, & Destruction of Federal Criminal Evidences," Dkt. 1, that I construe as a civil complaint for injunctive relief. Plaintiff has been allowed to proceed *in forma pauperis* without prepayment of the filing fee for this case.

The next step in this case is to screen plaintiff's complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. Because plaintiff is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing plaintiff's complaint with these principles in mind, I conclude that the case should be dismissed because the only plausible claims he has raises against defendant city of Wakefield are unripe.

The complaint suffers from numerous problems. Plaintiff appears to be a Michigan citizen suing a Michigan municipality about events that took place in Michigan. This might be reason to *sua sponte* transfer the case to a more appropriate venue. But because I conclude

that plaintiff cannot proceed with any of his claims, I will dismiss it on that basis rather than waste judicial resources by transferring it only for it to be dismissed by a court in Michigan.

Although plaintiff titles his pleading as one for emergency relief to "Prevent Imminent Death," it is very difficult to understand why plaintiff believes that he faces the threat of physical harm or death from the allegations lying at the core of his complaint. He names the city of Wakefield, Michigan, as the defendant, and it is clear that the major thrust of his allegations is that the city ordered him to demolish a building he owns. Plaintiff attaches decisions of a Wakefield hearing examiner and the city council concluding that his building was found to be a "dangerous building," and that plaintiff was given a deadline to demolish it, or presumably the city would demolish the building on its own. Plaintiff makes the notation "IN HOSPITAL" on one of the documents giving him notice for the city council hearing, Dkt. 1-1, at 3, from which I take that plaintiff is perhaps saying that he was not able to attend this hearing for reasons outside his control.

Reading plaintiff's allegations generously, the only colorable federal claims he might be seeking with regard to the Wakefield proceedings are a claim under the Takings Clause of the Fifth Amendment or a due process claim under the Fourteenth Amendment. But neither claim goes anywhere because plaintiff has not availed himself of state court remedies available to him.

Federal courts may not adjudicate a Fifth Amendment takings claim challenging the application of a local land use regulation until the regulatory agency has made a final decision and the property owner has exhausted all available state remedies. *See, e .g., Williamson Cnty. Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 192-93 (1985). Here, plaintiff filed this lawsuit without seeking a direct appeal of the city council's ruling to a state circuit court,

and without pursuing inverse condemnation proceedings. *See* Mich. Comp. Laws § 125.542 (adverse decision by city council may be appealed to state circuit court); *Eaton v. Charter Twp. of Emmett*, 317 F. App'x 444, 450 (6th Cir. 2008) (takings claim not ripe in "dangerous building" case because Michigan law provides for inverse condemnation proceedings). *Williamson County's* exhaustion requirement also applies to plaintiff's related due process claim. *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 572 (6th Cir. 2008) (exhaustion requirement applies to due process claim ancillary to takings claim); *Jarvis-Orr v. Twp. of Hartford*, No. 1:11-CV-1066, 2012 WL 6737740, at *11 (W.D. Mich. Nov. 30, 2012), *rep. and rec. adopted*, 2012 WL 6737594 (W.D. Mich. Dec. 28, 2012) (due process claim in "dangerous buildings" case unexhausted under *Williamson County* in part because of failure to appeal township's decision to circuit court).

This leaves the remainder of plaintiff's allegations. At first glance, most of plaintiff's allegations (and the title of his pleading) seem to have nothing to do with the city council's decision in his "dangerous building" case. Rather, plaintiff seems to be saying that he is in mortal danger, perhaps because of the demolition of his home, but perhaps because he feels threatened by government officials unrelated to defendant city of Wakefield.

Plaintiff seeks an injunction "to prevent destruction of my home, properties, pets, & self – by the City of Wakefield . . . ." Dkt. 1, at 3, but plaintiff's physical safety or that of his pets or personal property is not plausibly connected to the "dangerous building" proceedings. Simply put, the city is not going to demolish a building with plaintiff or his pets in it.

Plaintiff also alleges that various *county* or *state* officials have attempted to kill him in the past. At least some of these claims were dismissed in previous federal litigation for failure to state a claim upon which relief may be granted. *See Jaakola v. Gotham*, No. 2:04-cv-111, slip

3

op. (W.D. Mich. June 2, 2004), *rep. and rec. adopted*, No. 2:04-cv-111, slip op. (W.D. Mich. June 21, 2004). Plaintiff goes on to suggest that he was framed for drunk driving, that he is being poisoned by inhaling vapors from his neighbor's methamphetamine lab, and that county law enforcement officials are involved in the drug trade with his neighbor. Plaintiff also mentions the Foreign Intelligence Surveillance Act and several criminal statues, none of which appear to have any connection to the city council proceedings.

It is possible that plaintiff included some of these allegations for the purpose of explaining why he did not seek further relief in state courts (he states, "For all above reasons, [he] cannot resort to corrupt . . . local courts & officials for any responsible reliefs." Dkt. 1, at 5). But even taking his allegations at face value, they do not adequately explain why he did not appeal the city council's decision, and plaintiff does not come close to showing that any substantive claim against these officials is connected to the city council proceedings for the purposes of joining them in this lawsuit. Similarly, plaintiff does not give any reason for including the remainder of his unfocused allegations in this lawsuit, and I conclude that they cannot be included under Federal Rules of Civil Procedure 18 and 20.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff John Jaakkola's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered July 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge